UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS. | § § | CRIMINAL ACTION NO. H-09-492 |
| IOANNIS MYLONAKIS, *et al*, | § § | |
| Defendants. | § § | |

## INSTRUCTIONS TO THE JURY

The following instructions were presented to the jury on the 27 day of April, 2010.

Signed this 27th day of April, 2010.

_____
KENNETH M. HOYT
UNITED STATES DISTRICT COURT

## INTRODUCTION TO FINAL INSTRUCTIONS

**Members of the Jury:**

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial. I decide what evidence is proper for your consideration. It is also my duty to explain the rules of law that you must follow in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about the burden of proof and how to judge the credibility of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction. You are not allowed to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## EVIDENCE - EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial. Evidence includes the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## EVIDENCE - INFERENCES - DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts have been shown to you solely to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

## CREDIBILITY OF WITNESSES

It is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other

witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of a defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

### ACCOMPLICE – INFORMER - IMMUNITY

During the trial, the government also called as witnesses certain alleged accomplices. The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about January 15, 2009, February 18, 2009, and between on or about November 29, 2008 and January 21, 2009. The government does not have to prove that the crimes were committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes charged in the indictment on a date reasonably near the date stated in the indictment for each count.

## CAUTION - CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act,

conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion of the case.

## AIDING AND ABETTING (AGENCY)
## 18 U.S.C. § 2

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the

crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the offense of violating the Act to Prevent Pollution from Ships (Counts One and Two) or making a False Statement (Count Six and Seven) or Obstruction (Count Eleven) was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

### "KNOWINGLY" – TO ACT

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## UNANIMITY OF THEORY

Your verdict, whether it is guilty or not guilty, must be unanimous. The following instructions apply to the unanimity requirement in each count.

(Read Counts of Indictment)

The government does not have to prove all manner and means for you to return a guilty verdict on these charges. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all twelve of you must agree that the same one has been proved.

## ACT TO PREVENT POLLUTION FROM SHIPS
### 33 U.S.C. 1908(a)

Counts One and Two of the Indictment charges Defendant Ioannis Mylonakis with violating 33 U.S.C. § 1908(a), the Act to Prevent Pollution from Ships, by failing to maintain an accurate Oil Record Book as to various discharges of oily waste from the M/T Georgios M on or about January 15, 2009 and February 18, 2009 as required under the MARPOL Protocol.

In order for a defendant to be found guilty on this count, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the *M/T Georgios M* is a foreign flag ocean going vessel in excess of 150 tons and is therefore required to maintain an Oil Record Book onboard the ship;

*Second*, the defendant was the master or other person in charge of the *Georgios M* and was responsible for the maintenance of the Oil Record Book;

*Third*, a disposal of oil residue as described in 33 C.F.R. § 151.25 took place onboard the ship;

*Fourth*, the defendant knowingly entered an inaccurate description of the disposal or omitted a required Oil Record Book entry;

*Fifth*, the Oil Record Book of the ship was materially false because an inaccurate description of the disposal was entered or omitted a required Oil Record Book entry;

*Sixth*, the defendant knew that the Oil Record Book of the ship was materially false because an inaccurate description of the disposal was entered or omitted from the Oil Record Book; and

*Seventh*, the defendant knew that the Oil Record Book maintained and used on the ship was materially false because it contained an inaccurate description of the disposal or omitted from the Oil Record Book.

You are instructed that 33 C.F.R. § 151.25 is a regulation implementing the MARPOL Protocol, which requires that any disposal of oil residue from a ship into the ocean must be accurately entered into the Oil Record Book.

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## FALSE STATEMENTS TO FEDERAL AGENCIES AND AGENTS

Title 18, United States Code, Section 1001, makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant made a false statement to the United States Coast Guard and the Department of Homeland Security regarding a matter within their jurisdiction;

Second: That the defendant made the statement intentionally, knowing that it was false;

Third: That the statement was material; and

Fourth: That the defendant made the false statement with the specific intent of misleading the United States Coast Guard and the Department of Homeland Security.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the United States Coast Guard and the Department of Homeland Security.

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

It is not necessary to show that the United States Coast Guard and the Department of Homeland Security were in fact misled.

**OBSTRUCTION**
18 U.S.C. § 1519

Count Eleven of the Indictment charges Defendant Ioannis Mylonakis with failure to record discharges of bilge and oily sludge and falsely recording discharges and disposal of bilge and oily sludge wastes as being processed through proper pollution prevention equipment in violation of 18 U.S.C. § 1519. These acts were allegedly committed between November 29, 2008 and January 21, 2009.

In order for a defendant to be found guilty on this count, the government must prove each of the following elements beyond a reasonable doubt:

*First,* the defendant knowingly altered, concealed, covered up, falsified and made a false entry in a record or document that was material; and

*Second*, the defendant did so with the specific intent to impede, obstruct and influence the investigation or proper administration of any department or agency or the United States.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the United States Coast Guard and the Department of Homeland Security.

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**DUTY TO DELIBERATE – VERDICT FORM**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

## COUNTS ONE AND TWO
(Act to Prevent Pollution from Ships - 33 U.S.C. 1908(a))

10. The Grand Jury re-alleges and incorporates by reference herein paragraphs 1 through 9 of this Indictment and further charges:

11. On or about the dates in the table below in the corresponding ports, each constituting a separate count under this Indictment, and within the navigable waters of the United States in the Southern District of Texas, the defendant,

IOANNIS MYLONAKIS,

did knowingly fail to maintain an Oil Record Book for the *M/T Georgios M* in which all disposals of oil residue, overboard discharges, and disposals of oily bilge waste water were required to be fully recorded. Specifically, the defendant maintained an Oil Record Book that: (1) falsely and affirmatively claimed that discharges of oily bilge waste water had been made through the use of an Oil Water Separator and that sludges had been incinerated; (2) failed to disclose overboard discharges of oily sludge and oily bilge waste water made through bypass equipment and without the use of a properly functioning Oil Water Separator and oil monitoring equipment; (3) failed to record all tank to tank transfers, including transfers from the bilge tank into the drain oil tank; and (4) created the overall false and misleading impression that the vessel was being operated properly and was fully maintaining an accurate Oil Record Book:

| COUNT | ON OR ABOUT | IN THE PORT OF |
|---|---|---|
| 1 | January 15, 2009 | Corpus Christi, Texas |
| 2 | February 18, 2009 | Texas City, Texas |

All in violation of Title 33, United States Code, Section 1908(a), Title 18, United States Code, Section 2, and Title 33, Code of Federal Regulations, Section 151.25.

## COUNTS SIX AND SEVEN
### (False Statements - 18 U.S.C. § 1001(a)(2))

14. The Grand Jury re-alleges and incorporates by reference herein paragraphs 1 through 9 of this Indictment and further charges:

15. From on or about the dates in the table below in the corresponding ports, each constituting a separate count under this Indictment, and within the navigable waters of the United States in the Southern District of Texas, the defendant,

### IOANNIS MYLONAKIS,

in a matter within the jurisdiction of the United States Coast Guard and the Department of Homeland Security, did knowingly and willfully use and cause to be used a materially false writing to wit: the Oil Record Book for the *M/T Georgios M*, knowing the same to contain a materially false, fictitious, and fraudulent statement, entry and representation, in that the Oil Record Book for the *M/T Georgios M* failed to state and omitted the fact that: (1) the vessel's Oil Water Separator had been by-passed; (2) oily bilge waste water had been discharged directly into the ocean without first being processed through the ship's Oil Water Separator;(3) sludge wastes has been discharged directly overboard; and (4) that there were transfers of oily bilge waste water from the bilge tank to the drain oil tank, when in truth and in fact, as the defendant then and there well knew, some volume of the oil-contaminated bilge wastes and sludges not recorded in the Oil Record Book had been discharged overboard , and oily bilge waste water not recorded in the Oil Record Book had been transferred into the drain oil tank and sludge tank:

| COUNT | ON OR ABOUT | IN THE PORT OF |
|---|---|---|
| 6 | January 15, 2009 | Corpus Christi, Texas |
| 7 | February 18, 2009 | Texas City, Texas |

All in violation of Title 18, United State Code, Sections 1001(a)(2) and 2.

## COUNT ELEVEN
### (Obstruction - 18 U.S.C. § 1519)

18. The Grand Jury re-alleges and incorporates by reference herein paragraphs 1 through 9 and paragraphs 11 and 15 of this Indictment and further charges:

19. Between on or about November 29, 2008, and January 21, 2009, the defendant,

### IOANNIS MYLONAKIS,

with the intent to impede, obstruct and influence the investigation or proper administration of a matter within the jurisdiction of the United States Coast Guard and the Department of Homeland Security and in relation to and in contemplation of an investigation and matter within the Southern District of Texas and elsewhere, did knowingly alter, conceal, cover up, falsify and made a false entry in a record or document to wit: the defendant:

A. failed to record discharges of bilge and oily sludge wastes made without using proper pollution prevention equipment;

B. falsely recorded discharges and disposal of bilge and oily sludge wastes as being processed through proper pollution prevention equipment when in fact the bilge and oily sludge wastes were discharged directly overboard into the ocean;

All in violation of Title 18, United States Code, Sections 1519 and 2.